UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

HERMAN CARLEE McMILLIAN,

                Plaintiff,

                                              **TRANSFER ORDER**
  -against-                                   10-CV-00509 (JG) (LB)

NEW YORK STATE DEPARTMENT
OF CORRECTIONS SUPT BRADT;
MISS KAMBRY; SUPERINTENDENT
JAMES J. WALSH,

                Defendants.
----------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff Herman C. McMillian, a prisoner at Sullivant Correctional Facility, brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights. For the reasons set forth below, the Court transfers the complaint and the accompanying leave-to-file request to the United States District Court for the Western District of New York.

## PLAINTIFF'S LITIGATION HISTORY

        Plaintiff is a frequent litigant in this district,[1] and by order dated September 1, 2005, the Court barred him from filing any *in forma pauperis* complaint unless he could demonstrate that he is under imminent danger of serious physical injury. See In re request for leave to file by Herman Carlee McMillian, No. 05-MC-197 (JG), slip op. at 2 (E.D.N.Y. Sept. 1, 2005) (citing 28 U.S.C. § 1915(g)). Since the bar order was entered, the Court has denied dozens of requests for leave to file *in forma pauperis* civil rights complaints and occasionally transferred requests for leave to file to the United States District Court for the Western and Northern Districts of New York. Plaintiff now

---

[1] Plaintiff has submitted sixty-five actions in the last ten years.

submits the instant motion requesting leave to file this complaint pursuant 42 U.S.C. § 1983.

## VENUE

Plaintiff's claims appear to arise from his confinement at Southport Correctional Facility which is located in Chemung County in the Western District of New York and his appearance before the Parole Board at Elmira Correctional Facility in November 2009 which is located in Chemung County in the Western District. To the extent the Court can decipher the basis for his claim and request for leave to file, plaintiff avers that on November 23, 2009 he was taken by force before the parole board "to force a confession on Mr. McMillian." He further alleges that on November 24, 2009 he was taken by force from Southport on a "medical trip" to Elmira Correctional Facility.

It is unclear why plaintiff continues to file in the Eastern District of New York. The Court surmises that he may be subject to a filing injunction or restrictions under 28 U.S.C. § 1915(g) in the Western District of New York as well. Pursuant to the venue provision governing federal question jurisdiction, this action must be filed in the judicial district where defendants reside or where a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. §1391(b). Here, none of the events alleged in the complaint occurred within the Eastern District of New York. Rather, a substantial part of the events giving rise to the claims occurred at Southport Correctional Facility and Elmira Correctional Facility which are located in the Western District of New York.

## CONCLUSION

Leave to file in this district is denied. However, in an abundance of caution, this case is transferred to the United States District Court for the Western District of New York. See 28 U.S.C. §§ 112(d); 1406(a) (district court may transfer case filed in the wrong district to any district in which

it could have been brought).

The Court offers no opinion on the merits of this action or plaintiff's request for leave to file. Any ruling on *in forma pauperis* and enforcement of the provisions of the Prison Litigation Reform Act is reserved for the transferee court.

That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived. Summonses shall not issue from this Court. The Clerk of Court is directed to close this case.

SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: February 17, 2010
Brooklyn, New York